Dear Mayor Smith:
In response to your inquiry of recent date, note that the Louisiana Dual Officeholding and Dual Employment Laws, R.S. 42:61 et seq., prohibit one from holding both the elected offices of constable and parish councilman. Such an arrangement is a violation of R.S. 42:63(D), which pertinently provides:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office .in the government of a political subdivision thereof.
There is an exemption in the law which may pertain to this matter. R.S. 42:66(D) provides:
 D. Nothing in this Part shall be construed to prohibit a municipal and/or parochial officer or employee from holding another municipal and/or parochial office or employment as specifically authorized by a legislative or home rule charter, nor shall it be construed to authorize a municipal and/or parochial officer or employee to hold another municipal and/or parochial office or employment when prohibited by a home rule charter.
As you know, the Town of Plain Dealing operates under a special legislative charter pursuant to the authority of Act 49 of 1882. If the charter specifically permits the concurrent holding of municipal elected office and parochial elected office, then the prohibition of R.S. 42:63(D) would become inapplicable. In the absence of such a provision, the prohibition quoted above would prove controlling.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams